IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DK RECOVERY SERVICES, INC., a California corporation, and CHANCE E. GORDON,<br><br>       Plaintiffs,<br><br>V.<br><br>JOHN CAVAZOS, an individual, and TUCKER ALBIN & ASSOCIATES, INC., a Texas corporation,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-cv-1648-L-BN |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO DESIGNATE CASE FOR TRIAL BY JURY**

United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 69. Prior to that order, on October 2, 2025, Judge Lindsay granted Attorney Gary Kurtz's motion to withdraw as counsel for Plaintiff Chance E. Gordon, allowing Gordon to represent himself and proceed *pro se*. *See* Dkt. No. 56. Eighteen days later, on October 20, Gordon moved to designate this case for trial by jury. *See* Dkt. No. 64. Defendants and Counterclaim Plaintiffs John Cavazos and Tucker Albin & Associates, Inc. ("Defendants") filed an opposition to this motion. *See* Dkt. No. 64. And Gordon replied. *See* Dkt. No. 65.

For the following reasons, the Court GRANTS Gordon's motion under Federal Rule of Civil Procedure 39(b).

As Defendants set out in their timeline, *see* Dkt. No. 64 at 4, the last opportunity for Gordon to timely request trial by jury was on June 3, 2025, which was 14 days after he filed, through his then-counsel, an answer to Defendants' first amended counterclaim [Dkt. No. 37] on May 20, 2025, *see* Dkt. No. 38; FED. R. CIV. P. 38(b)(1).

But "[a] party may seek relief from waiver of the right to a jury trial by filing a motion under Rule 39(b)." *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984).

"The decision to grant such a motion is discretionary with the district court," and "a district court generally should grant a Rule 39(b) motion to permit a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Id.* at 653-54 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964); citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1029 (5th Cir. 1980)).

But "it is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party." *Id.* at 654 (cleaned up; collecting cases).

Which necessarily also means that, "even where the failure is due to inadvertence, it is still within the Court's discretion to grant a Rule 39(b) motion." *Extronix Int'l, Inc. v. Samsung Telecomm. Am., L.P.*, No. 3:02-cv-1672-H, 2003 WL 21356815, at *1 (N.D. Tex. June 11, 2003) (Sanders, J.); *see also Herkner v. Agro-Tech Corp. Costa Mesa*, Civ. A. No. H-06-2491, 2007 WL 2274406, at *2 (S.D. Tex. Aug. 8, 2007) (Rosenthal, J.) ("While the [United States Court of Appeals for the] Fifth Circuit has consistently held that it is not an abuse of discretion to deny a Rule 39(b) motion

- 2 -

when the failure to make a timely jury demand was the result of mere inadvertence on the part of the movant, district courts in this circuit have granted Rule 39(b) motions even when the only explanation for not filing a timely jury demand is counsel' inadvertence." (citation omitted; collecting cases)).

And courts in the Fifth Circuit consider five factors to resolve a Rule 39(b) motion:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (quoting *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (collecting cases)).

"[A]ll the factors must be considered equally in accordance with *Daniel*." *Herkner*, 2007 WL 2274406, at *2.

First, granting the motion will not disrupt the schedule here, which has been extended twice since the motion was filed. *See* Dkt. Nos. 90 & 106.

As to the length of delay, the Court frames this inquiry as the length from the last date on which Gordon could have made a timely request under Rule 38 to when he filed his Rule 39(b) motion, so some 139 days. That's not dispositively too long. *See Herkner*, 2007 WL 2274406, at *2 ("[A] seventeen-month delay was not a basis for denying a Rule 39(b) motion when the motion was not brought on the eve of trial." (citation omitted)). And this length is less egregious considering that Gordon filed the

- 3 -

Rule 39(b) motion only 18 days after the Court granted the motion to withdraw.

"Defendants maintain [that] this case is better suited for a bench trial and [have] tailored [their] litigation plan accordingly," explaining that "[m]ost of the parties' claims are not fact-intensive, but legal in nature" and that "threshold questions" – of law, presumably – "will determine the outcome of this case: (1) who owned the former MSA business, (2) whether any trade secrets exist and who owns them, and (3) can there a verbal non-compete and/or non-solicitation agreement, and if so, what are the terms of such agreement(s)." Dkt. No. 64 at 8.

But, to the extent that there really are no material questions of fact, Defendants remain free to move for summary judgment or otherwise obtain a pretrial ruling on their issues of law. *Cf. Dupree v. Younger*, 598 U.S. 729, 737 (2023) ("Because a purely legal question is, by definition, one whose answer is independent of disputed facts, factual development at trial will not change the district court's answer.").

In sum, where the right to a jury trial is fundamental and considering the controlling authority in this circuit, which favors granting Rule 39(b) motions, the scales tip in Gordon's favor. His motion is therefore GRANTED.

SO ORDERED.

DATE: May 13, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -